CANALS HERMANOS & CO., LTD., PLAINTIFFS AND RESPONDENTS,
v. ORTIZ ET AL., DEFENDANTS AND APPELLANTS. .

APPEAL from the District Court of Mayagüez in an Action
of Debt.

No. 1158.—Decided February 10, 1915.

DEMURRER—MISJOINDER OF PARTIES—SECOND MORTGAGEES.—The second mortgagee
is a proper party to an action praying for the sale of the mortgaged prop-
erty and the cancellation of the second mortgage in the registry and the
overruling of a demurrer setting up misjoinder of parties is not error.

MORTGAGE—EXTENSION OF TIME—MATURITY—CONSTRUCTION OF CONTRACT.—The
debt of $300 not having been paid in accordance with the mortgage con-
tract, the sum of $695 due for merchandise delivered not having been paid
as agreed upon, and one of the clauses of the contract stipulating that in
case one shipment should not be paid for at maturity the whole debt should
be considered as due. *Held:* That although a period of two years was fixed
as the exact time when the mortgage should become due, a mortgage being a
subsidiary contract, it was the intention of the parties in using the said
words that the maturity of the debt should be the maturity of the mortgage.

The facts are stated in the opinion.

*Messrs. José G. Torres* and *José R. Freyre* for the appel-
lants.

*Messrs. Tord & Castro* for the respondents.

MR. JUSTICE WOLF delivered the opinion of the court.

J. Ortíz & Co., Limited, was a partnership domiciled in
Lajas, P. R., which had commercial dealings with Canals
Hermanos & Co., Limited, another firm located in Ponce.
On January 25, 1913, both firms, through their managing
partners, had an accounting wherein J. Ortiz & Co. acknowl-
edged that they owed Canals Hermanos & Co. the sum of
$300, and it was thereupon further agreed between the par-
ties that the creditor firm should extend to the debtor firm
a total credit of $1,000, inclusive of the $300 already owing.
It was also agreed that the $700 credit might be used for
merchandise. Whereupon José Ortiz, the managing partner
of the debtor firm, along with his wife and the managing
partner of the creditor firm, entered into a written contract.
In this contract it was stipulated that the debtor firm, com-

mencing January 25, 1913, should pay $100 a month to Canals Hermanos & Co. until the $300 before-mentioned should be paid, and that any consignment of goods should be due three months from the date of its shipment, with the privilege in the debtor firm of extending the time for three months more upon the payment of 1 per cent per month. It was specially agreed between both firms that if shipments should exceed the sum of $100 and should not be paid at maturity, the whole balance of the current account should become due and that the firm of Canals Hermanos should have the right to proceed forthwith to recover the said balance; and that the credit of $1,000 should be extended for the term of two years from January 25, 1913, so that at the maturity of such period the creditors might proceed to the recovery of the whole balance due and that such date should be considered as the maturity of the mortgage between the parties (*y se entenderá como vencimiento de la hipoteca*), such mortgage being described in paragraph four of the complaint. Julio Ortiz y Morales, in his own right and as attorney in fact of his wife, made a mortgage in favor of the creditor firm to secure the principal of $1,000, interest of $200 in case of delay, and $300 for costs, etc. The $300 and $695.05 worth of merchandise were not paid as agreed and this action was brought and judgment rendered in favor of the creditors.

The first error assigned is that the court overruled a motion to strike certain words from the complaint. The appellants do not discuss this error in their brief. As the complainants subsequently admitted all the facts of the complaint; as the real issue in the case was the maturity of the mortgage, and as the motion to strike had no real bearing on such issue, the alleged error must be considered as abandoned and, in any event, not prejudicial.

The second error alleged was the overruling of the demurrer of the defendant setting up the joinder of too many parties. A person who had a second mortgage was made a party.

However, as one of the petitions of the complaint was the sale of the mortgaged property and as the complainant also sought the cancellation of both mortgages in the registry of property, we think it is clear that the second mortgagee was a proper party.

The principal point raised is whether the mortgage was due when this action was begun, and this question was raised in various ways but always dependent upon the facts of the complaint. This court has found great difficulty in arriving at the meaning of the words used by the parties. The words in question are: "It was specially agreed between both firms that if shipments should exceed the sum of $100 and should not be paid at maturity, the whole balance of the current account should become due and that the firm of Canals Hermanos should have the right to proceed forthwith to recover the said balance." The appellants contend that this part of the contract meant that only the debt would become due, but that execution of the mortgage would have to wait until January 25, 1915, whereas this action was begun on November 22, 1913. The deed did, in fact, recite that the credit should be extended for two years and that at the expiration of such time the balance of the debt should become due and that such date should be considered as the expiration of the mortgage. But when it is remembered that a mortgage is always a subsidiary or conditional contract dependent upon the non-payment of a debt; when it is noticed that the parties always speak of the word "balance" (*saldo*) to describe the maturity of the debt, and when it is noticed that the parties agreed that at the maturity of the obligation the creditors might proceed to the recovery of such balance, we think it was the intention of the parties that the maturity of the debt should be the maturity of the mortgage. When the creditors were given the right to proceed to the "recovery" of the debt due, the "recovery" to which the contract referred was the execution of the mortgage.

There were some other minor errors alleged which were not insisted on in this court.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice Hutchison took no part in the decision of this case.